IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN ROBERT ASHBY,                    *
                    Plaintiff,
          v.                          *        CIVIL ACTION NO. PJM-11-2955

BOBBY P. SHEARIN,  et al.,            *
                    Defendants.
                                     ***

MEMORANDUM OPINION

Pending is Defendants Gary D. Maynard, Bobby P. Shearin, and Michael Stouffer's Motion to Dismiss or for Summary Judgment.  ECF No. 10.  The Plaintiff has not filed a response.[1]  Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).

Background

Plaintiff alleges he was denied due process by the use of invalid and unlawful prison disciplinary procedures.  ECF No. 1.  He states he was placed in solitary confinement in 2006 as a result of disciplinary proceedings which he claims Defendants knew were unlawful.  He also claims he has been threatened with physical harm by unnamed correctional employees if he continues seeking legal remedies.  *Id.*

The uncontroverted records reveal that on January 5, 2006, several correctional employees at the North Branch Correctional Institution ("NBCI") were attacked by a group of approximately fifteen inmate, including Plaintiff.  ECF No. 10, Exs. 1-4.  Plaintiff was served notice of inmate rule infractions and after a hearing found to have been involved in a "mass disturbance" involving

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975),  Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  ECF No. 11.  Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court.  *Id.*

"disturbance/mutinous act[s] by physically attacking staff persons with fists, officer's own pepper spray, floor fans, batteries, and telephone receiver." *Id.*, Ex. 1.  Plaintiff was found guilty of eight prison rule violations and sentenced to several periods of consecutive segregation. *Id.*  During the hearing concerning these rule violations, Plaintiff became upset and left the hearing room.  The Hearing Officer noted Plaintiff left the hearing under his own volition, waiving his right to be present at the hearing.  The Hearing Officer's written decision was reviewed and affirmed by the Warden. *Id.*, Ex. 6.

On October 26 and 30, 2006, Plaintiff was served with additional notice of inmate rule infractions. *Id.*, Ex. 7-8.  The incidents were consolidated in the same hearing procedure. *Id.* Ex. 9. Plaintiff pled guilty to the rule infractions and was sanctioned with additional segregation time to be served consecutive to his previously imposed disciplinary segregation terms. *Id.*, Ex. 10.  The decision of the hearing officer was approved by the Warden. *Id.*, Ex. 11.

## Standard of Review

A.     Motion to Dismiss

The purpose of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the Plaintiff's Complaint.  *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require the Defendant to establish "beyond doubt" that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 555-56.  Both *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), make clear that, in order to survive a Motion to Dismiss under Rule 12(b)(6), a Complaint must contain facts sufficient to "state a claim to relief that is

plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions'. . ." (citation omitted)); *see also Simmons v. United Mortgage and Loan Inv.*, 634 F.3d 754, 768 (4th Cir. 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.     Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr.,*

*Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Discussion

A.      *Respondeat Superior*

Plaintiff's complaint against Warden Bobby P. Shearin, Gary Maynard, and J. Michael Stouffer is based solely upon the doctrine of *respondeat superior,* which does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).   Liability of supervisory officials must be  "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001), citing *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984).   Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).  Plaintiff has pointed to no action or inaction on the part of  the named Defendants that resulted in a constitutional injury, and accordingly, his claims against them shall be dismissed.

B.      Due Process in Disciplinary Hearings

In prison disciplinary proceedings which bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections.  *See Wolff v. McDonnell*, 418 U.S. 539, 564 (1974).  These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision.  *Wolff*, 418 U. S. at 564-571.  Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence."  *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985).   Plaintiff received all the process he was due in each of the complained of disciplinary hearings.  In each case, he was given timely advance written notice of the infraction and was permitted to attend the disciplinary hearing and to call witnesses on his own behalf.  He also received written findings of the hearing officer.  Moreover, the hearing officer's determination of guilt was based upon some evidence.  In the first case, review was based upon staff testimony, Plaintiff's testimony and statements from his representative during the preliminary stage of the proceedings,[2] video evidence, and the written record, upon which the hearing officer based determinations as to credibility and demeanor.  ECF No. 10, Ex. 2.  As to the consolidated matter, Plaintiff pled guilty to the rule infractions.  *Id*., Ex. 11.

To the extent Plaintiff contends that his placement on disciplinary segregation violates his rights, his claim likewise fails.   In general, prisoners do not have a constitutional right to demand to be housed in one prison setting verses another.   "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  Under the Supreme Court's pronouncement in *Sandin v. Conner*, 515 U.S. 472 (1995), the focus on

_____

[2] Plaintiff and his representative left the hearing when their requests to be handcuffed in front were not granted. ECF

mandatory language in prison regulations was rejected.  A liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations.  *Id.* at 484. Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations.  *Id.*  As a prisoner, Plaintiff is not entitled to the process due to persons who remain at liberty. "Prisoners held in lawful confinement have their liberty curtailed by definition, so the procedural protections to which they are entitled are more limited than in cases where the right at stake is the right to be free from confinement at all."  *Wilkinson v. Austin*, 545 U.S. 209, 225 (2005).  He is not entitled to an adversarial hearing, witnesses, evidence introduction, or other trappings of a full trial.  The undersigned finds that the process afforded to Plaintiff in his adjustment proceeding, prior to placement on disciplinary segregation, met with minimal constitutional standards.

Plaintiff's claim that his disciplinary sanctions should be vacated in light of *Massey v. Secretary, Dep't of Public Safety and Correctional Services*, 389 Md. 496, 886 A.2d 585 (Md. 2005), is unavailing.  In *Massey*, the Court of Appeals of Maryland concluded that the directives of the Secretary of the Department of Public Safety and Correctional Services dealing with inmate discipline and the procedures for charging offenses constituted regulations under the Administrative Procedure Act ("APA") and thus, to be legally effective, were to be adopted in conformance with the APA.  *See Massey*, 389 Md. at 517-525, 886 A.2d at 597-602. To the extent that Plaintiff asserts that the regulations under which he was convicted of rule violations were of no force or effect, that assertion must be made in the appropriate state forum.

### Conclusion

No. 10, Ex. 2.

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted.   A separate Order follows.


_____/s/_____
PETER J. MESSITTE
June 7, 2012                                    UNITED STATES DISTRICT JUDGE